IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| KIT LANEY, | ) CRIMINAL NO. 04-567 JC |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, KIT LANEY, with the assistance of standby counsel, CHARLES ASPINWALL:

## REPRESENTATION BY COUNSEL

1. The defendant understands his right to be represented by an attorney and has knowingly waived his right to be represented. He has, however, been assisted by his standby counsel. The defendant has thoroughly reviewed all aspects of this case with his standby counsel and is fully satisfied with that counsel's assistance.

## RIGHTS OF THE DEFENDANT

2. The defendant further understands his rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to confront and cross-examine witnesses and to call witnesses in his defense; and

   d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.   The defendant hereby agrees to waive these rights and to plead guilty to Counts 6 and 8 of the superceding indictment. Count 6 charges a violation of Title 18 United States Code § 111(a)(1), that being Assaulting, Resisting or Impeding a Federal Officer. Count 8 charges a violation of Title 18 United States Code § 1509, that being Obstruction of Court Order.

## SENTENCING

4.   The defendant understands that the maximum penalty the Court can impose as to each count is:

- a.  imprisonment for a period not greater than one (1) year;
- b.  a fine not to exceed $100,000.00;
- c.  a term of supervised release of not more than one (1) year. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);
- d.  a term of probation of not more than five (5) years.
- e.  a mandatory special penalty assessment of $25.00.

5.   The defendant understands and agrees that sentencing will be pursuant to the Sentencing Reform Act of 1984, making the sentencing guidelines applicable. The defendant agrees to have his sentence determined pursuant to the sentencing guidelines and waives any right he may have under *Blakely v. Washington* to have the facts that determine his offense level and criminal history category under the guidelines (including

any facts that support any specific offense characteristic, cross reference, or upward adjustment) alleged in an indictment and found by a jury beyond a reasonable doubt.

6. The parties are aware that the Court may accept or reject this plea agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Fed. R. Crim. P. 11(c)(4), if the Court rejects this plea agreement, the defendant shall have the right to withdraw his plea of guilty. The defendant has reviewed the application of the guidelines with his standby counsel. **The defendant fully understands that the actual sentence imposed is solely in the discretion of the Court.**

7. It is expressly understood and agreed by and between the defendant and the United States that:

    a. The United States has made, and will make, NO AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case.

    b. If a presentence report is ordered, the United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(b), Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

    c. The defendant recognizes that this plea agreement has already conferred a benefit upon him and that no downward departure from the applicable sentencing guideline range is appropriate. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees that he will not seek a downward departure from the stipulated sentencing guideline range. If the

defendant, in violation of this paragraph, should nevertheless seek a downward departure, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the court.

## STIPULATIONS

8. The defendant and the United States agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the defendant's sentencing guidelines offense level is twelve (12), and that the defendant's criminal history category is one (I). The stipulation regarding the criminal history category is based upon the information currently known to both parties; specifically, that the defendant has no felony convictions. If the United States learns, prior to sentencing in this matter, that the defendant has one or more such convictions, the United States reserves the right, in its sole discretion, to withdraw this plea agreement.

9. The parties agree that the appropriate sentence is at the low end of the stipulated guideline range. The parties further agree that the sentences for Count 6 and Count 8 should be run concurrently. The United States does not object to any term of supervised release that is imposed being "unsupervised" during any period of time that the defendant remains outside the United States.

## DEFENDANT'S OBLIGATIONS

10. The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that, if a presentence report is ordered, he will comply with this obligation.

## WAIVER OF APPEAL RIGHTS

11. The defendant is aware that Title 18, United States Code, § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant

knowingly waives the right to appeal any sentence within the stipulated guideline range.

## GOVERNMENT'S AGREEMENT

12. At sentencing, the United States will dismiss with prejudice Counts 1, 2, 3, 4, 5, and 7 as well as the charged "Sentencing Factors."

13. Provided that the defendant fulfills his obligations as set out above, the United States agrees not to bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

14. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence within the stipulated guideline range the Court will impose.

## VIOLATION OF PLEA AGREEMENT

16. The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the indictment filed in this case, as well as perjury, false statement, and obstruction of justice.

**SPECIAL ASSESSMENT**

17.   At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $50.00 in payment of the special penalty assessment described above.

**ENTIRETY OF AGREEMENT**

18.   This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 15th day of September, 2004.

DAVID C. IGLESIAS
United States Attorney

GREGORY B. WORMUTH
Assistant U.S. Attorney
555 S. Telshor Blvd., Ste. 300
Las Cruces, NM 88011
(505) 522-2304 - Tel.
(505) 522-2391 - Fax

I have read this agreement and carefully reviewed every part of it with my standby counsel. I understand the agreement and voluntarily sign it.

KIT LANEY
Defendant

CHARLES ASPINWALL
Standby Counsel for Defendant